H. P. AND L. D. DAVIS v. V. W. HALE.

1. PRACTICE IN SUPREME COURT.—Plaintiffs in error have the right to consent to the withdrawal of a submission, and agree that the case be affirmed.

2. PURCHASER PENDENTE LITE CANNOT CONTROL SUCH RIGHT.— This court will not interfere with such right at the instance of parties resisting such effort to dismiss, who allege a purchase *pendente lite* of the interest of the plaintiffs in error in the subject of litigation.

ERROR from Lamar. Tried below before the Hon. J. C. Easton.

The writ of error was returnable to the Austin Term, 1876, and the case being briefed by both parties was submitted at that term.

April 4, 1878, defendant in error filed a motion to set aside the submission, referring to a document executed before a notary public March 29, 1878, by the plaintiffs in error, in which they state that since the writ of error had been perfected, "a settlement and compromise of the matters in litigation herein have been perfected by consent of both parties, and no further cause exists for an adjudication upon the merits of the case; that plaintiffs in error have now no counsel to represent them, is the reason they appear in person. Wherefore plaintiffs in error ask the honorable Supreme Court to affirm

this case, without reference to the merits, at their costs and without damages." This document was filed April 2, 1878.

Other facts are given in the opinion.

*V. W. Hale*, for motion.

MOORE, ASSOCIATE JUSTICE.—During the first week of the present term, the defendant in error filed a motion to set aside the submission of this case, and for an affirmance of the judgment of the court below, without reference to its merits, based upon an application and sworn statement, to like effect, by the plaintiffs in error. Before any action had been taken by the court on this motion, application to postpone action upon it was made by an attorney of the court, on behalf of strangers to the record, upon the ground that they had purchased of the plaintiffs in error, pending the litigation, all their right, title, and interest in the property in controversy, and that by the terms of said sale plaintiffs in error agreed and contracted with said purchasers that they might have said suit prosecuted, in the name of plaintiffs in error, to a final determination on its merits, they paying the attorney's fees, &c.; that plaintiffs in error were insolvent, and that the attorneys by whom said writ of error was here prosecuted were interested in having the case decided upon the merits. On the filing of this application, the court ordered that notice of the application, as well as motion to affirm, be given to all the counsel who appeared to be in any way connected with or interested in the case.

From the affidavits and exhibits filed in opposition to the motion by the defendant in error for an affirmance of the judgment, the averments in the application for its postponement appear to be *prima facie* established as true; and the counsel for the plaintiffs in error in the court below, as well as in this court, declare under oath that plaintiffs, being unable to compensate him in any other manner for his services, undertook and agreed to convey to him one-half of the land in-

volved in said litigation. That in consideration of said contract he had not only attended to said case in the District Court, but had sued out the writ of error on which it was now pending in this court, and had at his own expense employed other counsel to assist him in its prosecution here; and that the consent of plaintiffs in error to and application for the affirmance of the judgment had been given and made without notice to or consultation with him, and if sustained by the court would operate greatly to his injury.

If, in our opinion, it would be proper for this court to inquire into and settle the alleged conflicting claims of client and counsel growing out of a contract for a contingent fee or interest in the subject-matter of litigation while the suit is still pending, or consider and determine the alleged rights of a *pendente-lite* purchaser, which were not presented or considered in the court below, we certainly would not feel warranted, on the facts disclosed in the affidavits filed in opposition to this motion, in sustaining it. But, in our opinion, it is not within the province of this court to take cognizance of and pass upon the questions which our refusal to permit the plaintiffs in error to control their case, might, and probably would, involve. To do so would involve the exercise of original and not appellate jurisdiction. The inquiry into which the determination of such questions would necessarily lead us, does not involve the jurisdiction of the court, but merely the individual rights of the parties to the motion and the contestant to manage and control a case of which the court confessedly has jurisdiction.

The precise question raised by the opposition was decided at a former day of the term in accordance with the views here expressed, in a case in which I did not sit—Hough *v.* Sterne.

The motion is sustained, and judgment affirmed as prayed for by both parties, without reference to merits, but without prejudice in any manner whatever to the rights of persons

not parties to the record, or consenting to or asking for this judgment.

MOTION TO DISMISS SUSTAINED.